IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

NIKASHA M. WELLS,   CASE NO.:

    Plaintiff,

vs.

PALM TRAN, INC,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, NIKASHA M. WELLS, and sues the Defendant, PALM TRAN, INC.,and alleges:

1. This is an action brought by Plaintiff, NIKASHA M. WELLS, for injunctive, equitable relief, compensatory damages, costs and attorney's fees for the retaliatory action of Defendant, PALM TRAN, INC., which was in violation of the Equal Pay Act, 29 U.S.C. 206(d) and §215(a)(3) ("Equal Pay Act").

2. Jurisdiction is conferred on this court pursuant to 28 U.S.C.A. §§ 1331, 1332. Venue is proper in this court pursuant to 28 U.S.C.A. § 1391.

3. All actions described below occurred in Palm Beach County, Florida.

4. Plaintiff, NIKASHA M. WELLS, is a resident Palm Beach County, Florida.

5. Defendant, PALM TRAN, INC., is a not-for-profit corporation authorized to do business in the State of Florida, and which at all times material hereto conducted business in Palm Beach County, Florida.

6. During the term of Plaintiff's employment, Defendant was an "employer" within the meaning of the Equal Pay Act.

7. During Plaintiff's employment, Defendant PALM TRAN, INC. grossed, earned more than $500,000.00 per year in gross revenue.

8. During Plaintiff's employment with Defendants each employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

9. Plaintiff, NIKASHA M. WELLS, was employed by Defendant as a Contract Specialist beginning November 13, 2017, and thereafter was promoted to the position of Senior Manager of Government Affairs/Equal Employment Officer on August 28, 2018, until the date of her termination on February 5, 2021. During her term of employment, Plaintiff was an "employee" within the meaning of the Equal Pay Act.

10. Clinton Forbes, at all times relevant to this action, was PALM TRAN, INC.'s Executive Director; as such he was Plaintiff's direct supervisor, and he regularly exercised the authority to: (a) hire and fire employees, including Plaintiff; (b) personally supervised and directed Plaintiff's work and work assignments, and (c) control the finances and operations of PALM TRAN, INC. All acts and omissions on the part of Clinton Forbes were conducted in the course and scope of the agency with Defendant.

11. During her employment, specifically December 2020, Plaintiff disclosed violations or suspected violations of multiple federal, state, or local laws. Clinton Forbes evidenced his retaliatory animus to Plaintiff's complaints regarding his (and Defendant's) unlawful actions by responding in an December 30, 2020 email to Plaintiff that: "*your actions, allegations and emails since your return have been an extreme distraction to our mission and objectives at Palm Tran*".

12. Plaintiff sent an email, on January 26, 2021, to Clinton Forbes (as well as Cathy Lewis, Senior Manager of Human Resources for Defendant). This email resulted in an email chain

attached hereto as Exhibit "A". This email and resultant email chain disclosed a violation or suspected violation of the Equal Pay Act by Defendant and Clinton Forbes, for Defendant's failure to compensate Plaintiff at a pay rate comparable to her male counterparts. Specifically, Plaintiff's email of February 3, 2021, stated:

> The Equal Pay Act of 2010 **requires that men and women in the same workplace be given equal pay for equal work**. The jobs need not be identical, but they must be **substantially equal**. Job content (not job titles) determines whether jobs are substantially equal. All forms of pay are covered by this law, including salary, overtime pay, bonuses, stock options, profit sharing and bonus plans, life insurance, vacation and holiday pay, cleaning or gasoline allowances, hotel accommodations, reimbursement for travel expenses, and benefits. If there is an inequality in wages between men and women, employers may not reduce the wages of either sex to equalize their pay. An individual alleging a violation of the EPA, much like my EFMLA retaliation claim, **may go directly to court and is not required to file an EEOC charge beforehand**. (Emphasis in original.)

13. Plaintiff's emails, contained in Exhibit A, constituted a complaint as referenced in 29 U.S.C. § 215(a)(3).

14. Consistent with his earlier statements of retaliatory animus toward Plaintiff, on February 5, 2021, just two days following his receipt of Plaintiff's above quoted email contained in Exhibit A, Mr. Forbes, on behalf of Defendant, retaliated against Plaintiff by terminating her employment as a result of her complaint.

15. The above-referenced termination of Plaintiff constituted unlawful retaliation in violation of 29 U.S.C. § 215(a)(3) for her having made a complaint the under the Federal Equal Pay Act, 29 U.S.C. §206(d)(1).

16. The conduct of Defendants was intentional, willful, malicious, fraudulent, oppressive and/or taken with reckless disregard for Plaintiff's right to be free from retaliation.

17. Defendant's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under the Equal Pay Act.

18. The above-referenced wrongful termination of Plaintiff has resulted in Plaintiff suffering lost wages, fringe benefits, seniority rights, other pecuniary remuneration, and non-economic damages, including emotional pain and suffering.

19. As a direct and proximate result of Defendant's actions, Plaintiff has had to retain the law firm of Cohen, Norris, Wolmer, Ray, Telepman, Berkowitz & Cohen to bring this action, and has agreed to pay it a reasonable fee, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, NIKASHA M. WELLS, demands judgement against Defendant, PALM TRAN, INC. for the following:

(a) Reinstatement to the same position held before the adverse action was commenced, or to an equivalent position or reasonable front pay as alternative relief;

(b) Reinstatement of Plaintiff's full fringe benefits and seniority rights, as appropriate.

(c) Compensation, for lost wages, benefits, other lost remuneration, and non-economic damages allowable by law, including mental anguish and emotional pain and suffering;

(d) Liquidated damages in an amount equal to the Plaintiff's actual damages;

(e) Payment of reasonable costs, including attorney's fees pursuant to 29 U.S.C. § 216(b); and,

(f) Issuance of an injunction as this Court deems appropriate, if appropriate.

**DEMAND FROR JURY TRIAL**

Plaintiff, NIKASHA M. WELLS, further demands trial by jury of all issue so triable as of right by jury.

Respectfully submitted on this 3rd day of February 2022.

>Gary A. Isaacs, Esquire, of Counsel
>COHEN NORRIS WOLMER RAY
>TELEPMAN BERKOWITZ & COHEN
>Attorneys for Plaintiff
>712 U.S. Highway One, Suite 400
>North Palm Beach, Florida 33401
>Telephone: (561) 844-3600
>Facsimile: (561) 842-4104
>Email: gai@cohennorris.com
>
> */s/ Gary A. Isaacs, Esquire*
>GARY A. ISAACS, ESQUIRE
>Florida Bar No.: 602663

# EXHIBIT "A"



**Palm Tran**
**Administrative Offices**
3201 Electronics Way
West Palm Beach, FL 33407-4618
(561) 841-4200
FAX: (561) 841-4291

**Palm Tran Connection**
50 South Military Trail
Suite 101
West Palm Beach, FL 33415-3132
(561) 649-9838
FAX: (561) 656-7156
www.palmtran.org

■

**Palm Beach County**
**Board of County**
**Commissioners**

Dave Kerner, Mayor

Robert S. Weinroth, Vice Mayor

Maria G. Marino

Gregg K. Weiss

Maria Sachs

Melissa McKinlay

Mack Bernard

**County Administrator**

Verdenia C. Baker

*"An Equal Opportunity*
*Affirmative Action Employer"*

Date:   January 26, 2021

To:     Clinton B. Forbes, Executive Director

From:   Nikasha M. Wells, Senior Manager of Governmental Affairs & EEO

Re:     Request for Review of Pay Disparity and Salary Increase to E03

On January 25, 2021, I made a public records request for the salaries of all of the Executive-level and Senior Manager-level employees within Palm Tran believing that there was a pay disparity relative to my compensation as a member of the Executive Leadership Team (ELT) as compared to other senior managers. A review of the salaries of the individuals requested revealed that a pay disparity does in fact exist.

Attached hereto for your review is the spreadsheet that I received from the Human Resources Department. There are currently six members of the Executive Leadership Team (excluding the Executive Director). On the attached spreadsheet, five of the six members of the Executive Leadership Team are in the top six highest-paid individuals within the organization. However, there are six individuals between myself and the two lowest paid ELT members. The ELT represents exactly what the acronym stands for, the Executive Leadership Team of this 630+ employee organization. We make the decisions that guide the direction of this organization. Also, as evidenced in your December 28, 2020 memorandum which effectively denied my request for partial telework, ELT members have to make sacrifices as leaders within this organization that other employees are not required to make. Therefore, necessarily, it would stand to reason that all members of ELT should be appropriately compensated for our roles in the organization. Further, as the Equal Employment Officer for this organization, it would stand to reason that I am charged with ensuring that there are no clear pay inequities for any employee in our organization and certainly not for myself.

In my capacity as Senior Manager of Governmental Affairs & Equal Employment Officer, I am the only member of ELT that serves this organization in a dual capacity. I am responsible to serve as the liaison between Palm Tran and every governmental agency involving transit; including, but not limited to the U.S. Department of Transportation, the Federal Transit Administration, the Florida Department of Transportation and the Palm Beach County Board of County Commissioners. I am responsible for developing policy and making legislative budget requests within the state legislature and Congress.

Also in my capacity as Senior Manager, I have been given numerous miscellaneous duties including leading labor relations and negotiations, taking responsibility for other special projects like the Transit Asset Management program, the Veterans Passport Program and leading the legislative aspect of pilots like Go Glades, just to name a few.

In my capacity as Equal Employment Officer, I am responsible for investigating all internal EEO complaints, responding to and managing all Charges of Discrimination from the Equal Employment Opportunity Commission and ensuring that Palm Tran follows all federal guidelines with respect to our EEO program. I am also responsible for all federal reporting including updates to our EEO program, EEO-4 reporting, ensuring compliance by all vendors and subcontractors as well as all inquiries during our triennial review.

I have served in this dual capacity for almost three years and I hold both a Bachelors and Juris Doctor degrees, which I am almost certain is the highest level of education of any employee in this organization. I practiced employment law for almost a decade, which gives me a much greater insight into leading our EEO program than even my predecessor in this role.

There is no explanation for the pay disparity, however, it is noted that all non-ELT employees between myself and the lowest paid ELT members are all male, one of which has no college education at all.

I believe this matter can be resolved by increasing my salary to be comparable with at least the lowest-paid ELT member, which is an E03 pay grade. I would like to meet to discuss this matter at your earliest convenience prior to filing a formal Equal Employment complaint with the EEOC.

Thank you for your kind consideration and I look forward to speaking with you relative to this matter.

c:      Cathy Lewis, Senior Manager of Human Resources

**From:** Clinton Forbes B.
**Sent:** Wednesday, February 3, 2021 1:00 PM
**To:** Nikasha Wells <NWells2@pbcgov.org>
**Cc:** Cathy Lewis <CLewis1@pbcgov.org>; Danika Cross <DCross@pbcgov.org>
**Subject:** RE: Request for Review of Pay Disparity and Salary Increase to E03 Pay Grade; fwp

Thank you for your inquiry.

As you are aware, in February 2020, Evergreen Solutions, LLC, issued its final report following an in-depth classification and compensation study that included all Palm Tran senior management classifications. This review specifically included the Senior Manager of Governmental Affairs/EEO Officer classification. As a result of the compensation review, there was no recommended change to your classification's current pay grade 46.

The salary variances illustrated in your spread sheet are not uncommon. These variances are typically the result of myriad compensation factors such as, time in pay grade including cost of living adjustments, salary advancement through promotional formulas, negotiated salaries for new hires particularly difficult to recruit classifications and salary adjustments for temporary/interim appointments. However, none of the established salaries are gender based.

The Senior Manager of Governmental Affairs/EEO Officer is appropriately compensated at a pay grade 46. Therefore, your request for an E03 pay grade is denied.

Please see me directly should you have any further questions.

**Clinton B. Forbes**
Executive Director
Office: 561 841-4227
Mobile: 305 343-6303
cforbes@pbcgov.org
http://www.palmtran.org

---

**From:** Nikasha Wells
**Sent:** Wednesday, January 27, 2021 10:55 AM

Cc: Cathy Lewis <CLewis1@pbcgov.org>, Danika Cross <DCross@pbcgov.org>
Subject: RE: Request for Review of Pay Disparity and Salary Increase to E03 Pay Grade; fwp

Thank you.

---

**From:** Clinton Forbes B.
**Sent:** Wednesday, January 27, 2021 10:37 AM
**To:** Nikasha Wells <NWells2@pbcgov.org>
**Cc:** Cathy Lewis <CLewis1@pbcgov.org>; Danika Cross <DCross@pbcgov.org>
**Subject:** RE: Request for Review of Pay Disparity and Salary Increase to E03 Pay Grade; fwp

Thank you for your email. I will review your request and follow-up with you.



**Clinton B. Forbes**
Executive Director
Office: 561 841-4227
Mobile: 305 343-6303
cforbes@pbcgov.org
http://www.palmtran.org

*We provide access to opportunity for everyone; safely, efficiently and courteously.*

**From:** Nikasha Wells
**Sent:** Tuesday, January 26, 2021 2:33 PM
**To:** Clinton Forbes B. <CForbes@pbcgov.org>
**Cc:** Cathy Lewis <CLewis1@pbcgov.org>; Danika Cross <DCross@pbcgov.org>
**Subject:** Request for Review of Pay Disparity and Salary Increase to E03 Pay Grade

Mr. Forbes:

Please see the attached memorandum for your review. I look forward to discussing this matter with you.

**Regards,**

**Nikasha M. Wells, J.D.**

*Senior Manager of Governmental Affairs &*

Office: (561) 841-4275

Cell: (561) 229-5546

E-Mail: nwells2@pbcgov.org

Website: palmtran.org



Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

---

Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

---

**2 attachments**

📄 **Offer Letters.pdf**
1684K

📄 **20210126142622944.pdf**
1211K

# M Gmail

Nikasha Wells <nikashamwells@gmail.com>

---

## RE: Request for Review of Pay Disparity and Salary Increase to E03 Pay Grade; fwp
1 message

---

**Nikasha Wells** <NWells2@pbcgov.org>  Wed, Feb 3, 2021 at 3:01 PM
To: "Clinton Forbes B." <CForbes@pbcgov.org>
Cc: "Todd J. Bonlarron" <TBonlarr@pbcgov.org>, "Wayne Condry O." <WCondry@pbcgov.org>

Mr. Forbes:

While I appreciate your response, it does not even come close to adequately addressing the existing salary discrepancies.

I am a member of the Executive Leadership Team, which by your own admission creates a greater level of responsibility and duty to this organization, yet I am being compensated well below several male Senior Managers who do not serve on the ELT. In fact, I am being compensated below other male staff members who are not even Senior Managers, such as the Maintenance Manager and Planning Manager. I am being compensated at the same level as the Performance Manager and Procurement Manager, who is also not a Senior Manager and not a member of the Executive Leadership Team.

In late December, you denied my request for partial telework because of me being a part of the ELT, yet other non-ELT staff members still have the ability to work from home. I am the only single parent on the ELT and I have daughter whose health precludes her return to a traditional classroom environment.

Subsequent to my initial public records request, I made an additional request to look a little deeper into the issue of the salary discrepancy. I have attached offer letters of all Senior Managers dating back to 2016. <u>Every single Senior Manager was hired above the minimum of their pay grade except for me</u>, whether they came in as a new hire or their promotion was the result of a reclassification. As noted earlier, even some Managers were hired above the minimum of their pay grade, including the Manager of Governmental Affairs, which contrary to what you stated in your reply was not a difficult position to recruit for.

Upon further inspection, I have attached Ms. Cathy Lewis' reclassification memorandum dated April 10, 2018, which was drafted by her then subordinate, Ms. Lavern Blackwood (who was later demoted and subsequently resigned). There is an inherent conflict of interest in a subordinate drafting a reclassification memorandum for their superior, yet I digress. Interestingly, none of Ms. Lewis' responsibilities changed drastically after her reclassification, she just became a direct report of yours instead of reporting to the Director of Administrative Services, which was the exact result of my reclassification just a few short months later. The points made in that memorandum almost identically mirror my current responsibilities within this organization, yet were not used in my reclassification memorandum and a Pay Grade of 49 was not suggested for my new role. Ms. Lewis and I are the only two Senior Managers serving on the ELT (the role of Senior Manager of Paratransit has been recently vacated due to Chad Hockman's promotion to Director of Operations). Additionally, although Ms. Lewis is also a black female, your previous work relationship with Ms. Lewis in Miami-Dade must also be noted.

Mr. Chad Hockman, who was hired as a Senior Manager on September 8, 2016, at Pay Grade 46, was hired above the minimum of the pay grade.

Mr. Joseph Harrington, who was hired as a Senior Manager on July 7, 2017, at Pay Grade 46, was hired above the minimum of the pay grade.

Mr. Renato Paiva, who was hired as Senior Manager on December 7, 2017, at Pay Grade 46, was hired above the minimum of the pay grade. It must also be noted that it was discovered subsequent to an audit conducted by Human Resources and later brought to your attention, that Mr. Paiva made a material misrepresentation on his application about his education. Mr. Paiva does not have a bachelor's degree, which is required for his position, while I hold a Juris Doctor degree, yet Mr. Paiva is currently being compensated at $92,736; $8,430 higher than myself, while not being subjected to the demands of ELT.

Mr. Jonathan Hockman, who was hired as a Senior Manager, at Pay Grade 46, was hired well above the minimum of the pay grade.

Mr. Jim Cribbs was hired as a Manager on July 20, 2020, well above Pay Grade 46.

Mr. Phillip Ford and Mr. Christian Londono were the only two hired or reclassified at my same rate of pay, and it must be noted that they are both Managers, not Senior Managers and are not on ELT.

You made reference to the Evergreen Solutions study and I know that you have used it to justify not giving pay raises to other employees, however, the study **did not change any pay grades for any positions in Senior Management**. It must also be noted that Ms. Lewis is the only Senior Manager in the entire organization at a Pay Grade 49, which said adjustment was made just prior to the finalization of the Evergreen study. Based on the other Manager and Senior Manager positions at Pay Grade 46 not being adjusted by the Evergreen study, it is likely that but for your approval of the reclassification memorandum moving Ms. Lewis to Pay Grade 49 just prior to the finalization of the study, she would have remained at a Pay Grade of 46 like everyone else in Senior Management. **Further, the Evergreen Study has absolutely no bearing on your discretion to offer up to a maximum of 10% above the minimum of the Pay Grade, which you have freely utilized for every male Senior Manager and Manager employee cited in this email and only one female, with whom you have a prior working relationship**.

I would reference the other women in Senior Management so I could compare my salary to theirs but there are none.

I have attached my original memorandum for the benefit of the additional individuals that I have copied here. It appears from my further research that an increase to a Pay Grade of 49, like Ms. Lewis', would be more appropriate for a Senior Manager on ELT than an E03, based on the justification in her reclassification memorandum approved by you. It must also be noted that Ms. Lewis, as a Senior Manager, makes more than three of the four Directors on ELT, even though she has less responsibility and has less direct reports.

**The Equal Pay Act of 2010 requires that men and women in the same workplace be given equal pay for equal work**. The jobs need not be identical, but they must be **substantially equal**. Job content (not job titles) determines whether jobs are substantially equal. All forms of pay are covered by this law, including salary, overtime pay, bonuses, stock options, profit sharing and bonus plans, life insurance, vacation and holiday pay, cleaning or gasoline allowances, hotel accommodations, reimbursement for travel expenses, and benefits. If there is an inequality in wages between men and women, employers may not reduce the wages of either sex to equalize their pay. An individual alleging a violation of the EPA, much like my EFMLA retaliation claim, **may go directly to court and is not required to file an EEOC charge beforehand**.

I do not mind serving on ELT and I have relished serving as a leader in this organization, but I will be compensated accordingly. It appears that you are unwilling to give proper consideration to this clear disparity which is why I have copied Mr. Bonlarron and Mr. Condry to this communication in hopes that they could potentially provide you with greater insight into this matter and potentially avoid litigation. However, if I do not receive any further communication from you on this matter, I will move forward with litigation.

Best regards,

Nikasha M. Wells, J.D.