UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80196-ROSENBERG

NIKASHA M. WELLS,

    Plaintiff,

v.

PALM TRAN, INC.

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 10. The Motion has been fully briefed. For the reasons set forth below, the Motion is denied, but the Court will set this case on an expedited track for motions for summary judgment.

The Plaintiff is a former employee of the Defendant. DE 1 at 2. After the Plaintiff sent an e-mail to the Defendant complaining about pay disparity between men and women in her workplace, the Defendant terminated the Plaintiff. *Id.* at 2-4. The Plaintiff alleges that she was terminated in retaliation for her complaint about pay disparity, and she has brought one claim under the Equal Pay Act. *Id.*

This is not the first time that the Plaintiff has sued the Defendant. Although the Plaintiff's Complaint and related-case form are silent on the matter, the Plaintiff recently sued the Defendant in the Fifteenth Judicial Circuit, in and for Palm Beach County. *Wells v. Palm Tran, Inc.*, No. 2021-CA-009443 (Dec. 12, 2022). There, the Plaintiff brought a claim under the Florida Public Whistle Blower Act, and she moved on an emergency basis to be reinstated to her position.

After discovery, the state court held an evidentiary hearing on the Plaintiff's emergency motion. DE 10-1. The state court heard testimony from at least five witnesses and considered at

least thirty-two exhibits as evidence. The state court ruled against the Plaintiff on multiple grounds and denied the Plaintiff's request for reinstatement. Of importance to the Motion before the Court, the state court summarized evidence on the Plaintiff's activities *before* she authored an e-mail about pay disparity.

Briefly summarized, the state court found that the Defendant had substantial evidence that, at least as of May 2020, the Plaintiff had "put $20 million in federal funding in jeopardy." *Id.* at 2. The state court's order details evidence that the Plaintiff did not inform her superiors of the dangers of losing that funding and, shortly before her supervisors learned of the situation (in June of 2020), the Plaintiff took personal leave. *Id.* While the Plaintiff was out on leave, the Plaintiff's superiors testified that they learned about certain particulars (previously unknown) of the Plaintiff's job performance, and as in as early as July 2020 the Defendant initiated a personnel action against the Plaintiff for her prior actions. *Id.*

Throughout the summer of 2020 the Defendant audited the Plaintiff's prior actions, while she remained on leave. *Id.* When the Plaintiff returned from leave on December 14, 2020, she was issued a performance review memo. *Id.* Soon after receipt of the performance review memo, the Plaintiff authored an e-mail on pay disparity. *Id.* at 3. Shortly after the Plaintiff's e-mail, but also shortly after receipt of her performance review memo, the Plaintiff was terminated. *Id.*

After the state court ruled against the Plaintiff's request for reinstatement, the Plaintiff dismissed her case. The Plaintiff then filed suit here, in federal court. The Defendant's Motion to Dismiss is premised upon the Plaintiff's evidentiary hearing in state court and the ruling that issued subsequent to that hearing.

The Defendant argues that the Plaintiff's Complaint should be dismissed for three reasons. Each is addressed in turn.

First, the Defendant argues that the Plaintiff's Complaint should be dismissed pursuant to the Rooker-Feldman doctrine. *See Alt. Coast Line R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970). That doctrine prohibits federal courts to sit in direct review of state court decisions. *Id.* The Defendant argues that the Plaintiff's federal court Equal Pay Act claim would "nullify a state court Order that decided the merits of Plaintiff's claim." DE 10 at 6-7. The Court rejects this argument for multiple reasons, including that the state court did *not* decide the merits of the Plaintiff's claim—the state court merely ruled on the Plaintiff's emergency request for reinstatement. Additionally, as the Plaintiff adequately points out in her response, the Eleventh Circuit has recently clarified that the Rooker-Feldman doctrine is a very narrow doctrine that is limited to situations in which the Plaintiff's injury is premised upon a state court judgment:

> Unfortunately, litigants and the district courts have still not gotten the message. Parties keep arguing that district courts should dismiss claims as "inextricably intertwined" even when those claims do not seek "review and rejection" of a state court judgment, and district courts keep doing so.
>
> . . .
>
> The doctrine does not need to be a source of confusion in federal law. Nor can it be a broad means of dismissing all claims related in one way or another to state court litigation. Its application is narrow and—surprisingly enough—quite simple. It bars only "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

*Behr v. Campbell*, 8 F.4 1206, 1211-12 (2021) (citations omitted). The Plaintiff's injury is not premised upon a state court judgment, it is premised upon her termination. The Court declines to dismiss the Plaintiff's case under the Rooker-Feldman doctrine.

Second, the Defendant argues that the Plaintiff is collaterally estopped from bringing her federal Equal Pay Act claim. But collateral estoppel merely forecloses a party from "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Here,

there was no prior judgment in state court, there was merely an interlocutory order in a case that was later voluntarily dismissed.  Nor was there a merits determination by a state court factfinder, there was merely a ruling by a state court judge in the procedural context of an emergency motion for reinstatement.  Finally, collateral estoppel only bars the relitigation of "an identical issue with the same party," but the Plaintiff's state whistleblower claim and federal equal pay claim are not the same. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).  The Court declines to dismiss the Plaintiff's Complaint under the doctrine of collateral estoppel.

Third and finally, the Defendant argues that the Plaintiff's Complaint must be dismissed because it improperly comingles an Equal Pay Act Claim for gender discrimination with an Equal Pay Act claim for retaliation.  In response, the Plaintiff clarifies that she is only bringing a claim for retaliation. DE 11 at 6.  Based upon that representation and clarification, the Court does not believe that the Plaintiff needs to file an amended complaint to clarify her cause of action.  Relatedly, the Court believes that the Plaintiff's Complaint contains sufficient factual allegations to satisfy federal pleading standards.  The Court declines to dismiss the Plaintiff's Complaint on federal pleading-standard grounds.

The Court addresses one final matter.  The thrust of the Defendant's Motion is that, once the evidence in the state court action is considered the Plaintiff's claim will fail as a matter of law.  Stated simply, the Defendant argues that the Plaintiff lacks a valid comparator and that the Plaintiff lacks valid evidence of causation.  These arguments are better addressed at summary judgment, not the motion to dismiss stage.  Because the parties have already taken substantial discovery in their prior state court suit, and based upon the Court's obligation under Rule 1 of the Federal Rules of Civil Procedure to "secure the just, **speedy**, and **inexpensive** determination of every action," the Court believes that this case is ripe for an expedited track for motions for summary judgment,

which can in turn be based (at least in large part) on discovery that the parties have already obtained and testimony that has already been elicited. (emphasis added).

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [DE 10] is **DENIED**. The Defendant shall file an answer within ten days of the date of rendition of this Order. The Court will separately enter a scheduling order with an expedited track for motions for summary judgment. At such time as the Plaintiff survives any motion for summary judgment, the Court will set this case for trial.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 20th day of April, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE