UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80196-CIV-Rosenberg/Reinhart

NIKASHA M. WELLS,

        Plaintiff,

v.

PALM TRAN, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 45)

Currently before me is Defendant's Motion for Attorneys' Fees and Costs (ECF No. 45), which was referred to me by the Honorable Robin L. Rosenberg. ECF No. 50. I have reviewed the motion, Plaintiff's response (ECF No. 48), and Defendant's reply (ECF No. 49). For the reasons stated below, I **RECOMMEND** that Defendant's motion be **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff Wells brought this action alleging that Defendant unlawfully terminated her employment in retaliation for her complaints that Defendant's pay practices were in violation of the Equal Pay Act. ECF No. 1. Ms. Wells' Complaint survived a motion to dismiss (ECF No. 14), but Judge Rosenberg granted Defendant's motion for summary judgment, finding that Ms. Wells did "not have sufficient evidence that she, in good faith, engaged in statutorily-protected

expression and that her expression caused her termination. Relatedly, the Court is persuaded that the Plaintiff does not have sufficient evidence to rebut the Defendant's lawful basis for termination." ECF No. 43 at 9.

Defendant moved for an award of attorneys' fees and costs. The parties ultimately agreed on an award of $1,863.73 in costs, but disagree on whether Defendant is entitled to an award of attorneys' fees.

## **DISCUSSION**

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). Sometimes there are statutory exceptions to this rule, but "the FLSA makes no express provision for the award of attorneys' fees to a prevailing employer." *Winkles v. Am. Ribbon & Toner Co., Inc.,* No. 06-61266-CIV, 2008 WL 11401811, at *3 (S.D. Fla. Feb. 18, 2008), report and recommendation adopted, No. 06-61266-CIV, 2008 WL 11401790 (S.D. Fla. Mar. 17, 2008).[1] Nevertheless, "the Eleventh Circuit has held that a prevailing employer may be awarded fees where the district court finds that the plaintiff litigated in bad faith." *Id.* (citing *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428 (11th Cir. 1998) (the court's ability to award fees to an FLSA defendant derives from its

---

[1] The Equal Pay Act (EPA) is part of the Fair Labor Standards Act (FLSA). *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1526 (11th Cir. 1992) (citing 29 U.S.C. § 206(d)).

inherent power to assess attorney's fees where a losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons")). "Bad faith is a stringent standard that makes it difficult for a defendant to prevail . . . [it] is determined by focusing on a party's conduct and motive rather than on the validity of the case." *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378, 1381-82 (S.D. Fla. 2008) (citing *Kreager v. Solomon & Flanagan,* 775 F.2d 1541, 1543 (11th Cir. 1985)).[2]

Here, although Judge Rosenberg ultimately found that Ms. Wells "did not have sufficient evidence" to support her retaliation claim, there is nothing in the summary judgment decision to suggest that Ms. Wells brought or pursued her claim in bad faith. Moreover, in denying Defendant's motion to dismiss, Judge Rosenberg found that even though Ms. Wells previously brought a similar case in state court, there had not been a "merits determination by a state court factfinder" and that the "Complaint contains sufficient factual allegations to satisfy federal pleading standards." ECF No. 14 at 4. Thus, Judge Rosenberg allowed the action to continue to the summary judgment phase. Having reviewed the two substantive decisions Judge Rosenberg entered in this case, I find no indication that Ms. Wells acted improperly in bringing her case or that her motive in pursuing it was suspect. That Ms. Wells eventually lost on the merits is insufficient to meet the "stringent

---

[2] To the extent Defendant's motion suggests that a mere finding of "frivolousness" is enough to award attorneys' fees in this case, it is not. *See Flores v. Park W. Parking LLC,* No. 06-22055-CIV, 2008 WL 11409098, at *7 (S.D. Fla. Feb. 1, 2008) ("The standard for awarding fees to a prevailing FLSA defendant . . . differs significantly from the rule governing the award of attorney's fees to prevailing defendants in Title VII cases . . .") (internal citation and quotations omitted).

standard" of showing that she acted in bad faith. *See Murray,* 548 F. Supp. 2d at 1382.

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Defendant's Motion for Attorneys' Fees and Costs in that Plaintiff pay Defendant $1,863.73 in costs, only. ECF No. 45.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 6th day of August, 2024 at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
United States Magistrate Judge